# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:09-cv-01563-LJO-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| F. GONZALES, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |
| _____ / | |

**I.    Screening Requirement**

Plaintiff Garrison S. Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the complaint, filed September 4, 2009. (Doc. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Kern Valley State Prison. While housed at the California Correctional Institution at Tehachapi, Plaintiff was charged with a rule violation for battery on a peace officer. On March 27, 2007, Defendant McIrvin was assigned to gather information on Plaintiff's behalf. Plaintiff provided Defendant McIrvin with a list of questions to ask adverse witnesses. Plaintiff alleges that Defendant McIrvin did not ask the witnesses any of the questions from the list. (Doc. 1, § IV.)

Defendant Trone was the hearing officer at the disciplinary hearing that was held on April 25, 2007, and found Plaintiff guilty of battery on a peace officer. (Id., § IV, p. 4.) Plaintiff requested the presence of adverse witnesses at the hearing and gave the list of questions to Defendant Trone. Defendant Trone denied Plaintiff's request that adverse witnesses be present at the hearing. Plaintiff was sentenced to two years in administrative segregation. (Id., p. 4.) While in administrative segregation Plaintiff was not allowed to make copies of legal documents, his property was taken from him and sent to another institution, and his correspondence was withheld from him for up to ninety days. Additionally, Plaintiff's mental health problems were aggravated by his placement in

1  administrative segregation and he was a psychiatric patient.  (Id.)

2  On April 27, 2007, Defendant Carrasco acted as chief disciplinary hearing officer and on
3  August 16, 2007, Defendant Carrasco denied Plaintiff's administrative appeal.  On August 16 and
4  20, 2007, Defendants Gonzalez and Carrasco denied Plaintiff's administrative appeal.  Plaintiff
5  brings this action against Defendants McIrvin, Tron, Carrasco, and Gonzalez alleging violations of
6  his due process and equal protection rights.  He is seeking compensatory and punitive damages and
7  injunctive relief to have the disciplinary findings expunged from his record.

**III.    Discussion**

**A.    Procedural Due Process**

The Due Process Clause protects against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209 (2005).  In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Costanich v. Department of Social and Health Services, Nos. 08-35217, 08-35287, 2010 WL 4910222, *7 (9th Cir. 2010).  The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence.  Sandin v. Conner, 515 U.S. 472, 480 (1995).  However, a state may "create liberty interests which are protected by the Due Process Clause."  Sandin, 515 U.S. at 483-84.  A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

"[T]o establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare."  Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), overruled on other grounds by Unitherm Food Systems, Inc.v. Swift Eckrich, Inc., 546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).  Only the most egregious government conduct will be found to be arbitrary in the constitutional sense.  County of Sacramento, 523, U.S. at 846.

///

1.     **Administrative Segregation**

The Due Process Clause does not "create a liberty interest in freedom from administrative segregation." Toussaint v. McCarthy, 801 F.2d 1080, 1091 (9th Cir. 1985), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Administrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration. Toussaint, 801 F.2d at 1091 (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). The Ninth Circuit has concluded that prisoners have no liberty interest in remaining free from administrative segregation or solitary confinement. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). Plaintiff's allegations of property deprivation, limitation on photocopying, and late delivery of mail do not allege conditions sufficient to rise to atypical and significant hardship in relation to the ordinary incidents of prison life that state a protected liberty interest. Keenan, 83 F.3d at 1088.

**C.     Equal Protection**

Plaintiff's complaint fails to state a cognizable claim for a violation of the Equal Protection Clause which requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Plaintiff has not alleged that the defendants intentionally discriminated against the him based on his membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

**IV.    Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

4

Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed September 4, 2009, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   January 11, 2011

UNITED STATES MAGISTRATE JUDGE